IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PETER FERRARO,                            )<br>                                                        )<br>        Plaintiff,                               )<br>                                                        )   Case No.: 2:14-cv-396<br>    v.                                              )<br>                                                        )<br>JOHN A HUMPHREY, AMERICAN   )<br>NATIONAL SERVICES CORPORATION, )<br>MASCO CORPORATION, and OLD       )<br>REPUBLIC INSURANCE COMPANY   )<br>                                                        )<br>        Defendants.                           )  | |

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant American National Services Corporation ("ANSC") hereby removes the above-captioned action from the Lake County Superior Court to the United States District Court for the Northern District of Indiana, Hammond Division.[1]  Complete diversity of citizenship exists between the parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In support of removal, ANSC further states as follows:

      1.     On September 8, 2014, Peter Ferraro ("Plaintiff"), a citizen of the State of Illinois, filed a Complaint in the Lake County Superior Court titled *Peter Ferraro v. John A. Humphrey et al.*, Cause No. 45D01-1409-PL-0095.  *See* Complaint, Exhibit A.

---

[1] By removing this action to this Court, the Defendants do not waive any defenses, objections, or motions available under state or federal law.  Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

2. Plaintiff alleges that he was injured in an automobile accident by a vehicle driven by nominal defendant John A. Humphrey ("Humphrey"). (Compl., ¶ 7). At the time of the accident, Mr. Humphrey was an employee of ANSC, a subsidiary of Masco Corporation ("Masco"), and was driving a vehicle owned by ANSC. (Compl., ¶ 8).

3. The vehicle driven by Humphrey was allegedly insured by an insurance policy issued by the Old Republic Insurance Company ("Old Republic"). (Compl., ¶ 10).

4. Plaintiff filed suit against Humphrey in the Superior Court of Lake County, Indiana on June 9, 2006. (Compl., ¶ 6). Humphrey never responded to the Complaint and on January 4, 2007, Plaintiff obtained a default judgment against Humphrey – and Humphrey alone – in the amount of $372,543.41. (Compl., ¶ 7).

5. More than 7 years later, Plaintiff filed the instant suit, seeking to collect the default judgment from ANSC, Masco, and/or Old Republic.

I. **ANSC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6. The Lake County Superior Court, Indiana, is located within the Northern District of Indiana, Hammond Division, *see* 28 U.S.C. § 94(a)(1), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of Indiana is the "district and division embracing the place where such action is pending."

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Defendants related to this action is attached as Exhibit A.

8. ANSC received a copy of the Summons and Complaint on October 16, 2014. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all non-nominal defendants who have been properly joined or served have consented to the removal of this action. *See* Exhibit B.

10. Immediately following the filing of this Notice of Removal, written notice of the filing will be provided to Plaintiff's counsel and filed with the Clerk of the Lake County Superior Court, as required by 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. The Amount in Controversy Requirement Is Satisfied

12. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]

13. Where, as in this case, state law prohibits a plaintiff from specifying the dollar amount he is seeking in his complaint,[3] the proponent of federal jurisdiction proves the amount in controversy by a "preponderance of the evidence." *Meridian Sec. Ins. V. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2006). The Seventh Circuit has held that establishing the amount in controversy "by calculation from the complaint's allegations" is one example of proof, but

---

[2] The preponderance of the evidence standard was reaffirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." Id. at 16.

[3] Ind. Trial R. 8(A)(2).

defendants are not restricted in how they may establish what the plaintiff stands to recover. *See Meridian*, 441 F.3d at 541-42 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)).

14. In the Complaint, Plaintiff seeks a declaration that he is entitled to insurance coverage under the applicable insurance policy issued and/or held by the Defendants. (Compl., ¶¶ 10-11).

15. Plaintiff holds a default judgment against nominal Defendant Humphrey in the amount of $372,543.41. (Compl., ¶ 7).

16. Although Defendants deny any liability to Plaintiff, these allegations concerning the Plaintiff's right to coverage under the applicable insurance policy and a default judgment by an alleged insured under that Policy in the amount of $372,543.41, clearly place more than $75,000.00, exclusive of interest and costs, in controversy. As such, it is facially apparent by a preponderance of the evidence that the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.00.

B. **Complete Diversity of Citizenship Exists Between Plaintiff and Defendants**

17. Plaintiff alleges that he is a citizen of the State of Illinois. (Compl. ¶ 1).

18. For the purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant ANSC is a citizen of the State of Delaware because it is incorporated in the State of Delaware and is a citizen of the State of Michigan because it has its principal place of business in Taylor, Michigan.

19. For the purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Masco is a citizen of the State of Delaware because it is incorporated in the State of

Delaware and a citizen of the State of Michigan because it has its principal place of business in Taylor, Michigan.

20. For the purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Old Republic is a citizen of the Commonwealth of Pennsylvania because it is incorporated in the Commonwealth of Pennsylvania and has its principal place of business in Greensburg, Pennsylvania.

21. Defendant John A. Humphrey is a citizen of the State of Indiana. (Compl., ¶ 2).

22. As noted above, Masco and Old Republic has consented to removal. ANSC has not sought the consent of Humphrey, as he is a nominal defendant. "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir.1993). Here, this suit does not seek to enforce the judgment against Humphrey, nor does it seek any affirmative relief against him. Rather, in the event Plaintiff prevails on his Complaint, the Defendants, not Humphrey, will be liable for payment. As a result, Humphrey is a merely nominal party. *See, e.g., Kidd v. Gilfilen*, 170 F.Supp.2d 649 (S.D. W. Va. 2001) (disregarding citizenship of tortfeasor in Plaintiff's action against insurance providers); *Lloyd v. Travelers Property Cas. Ins. Co.*, 699 F. Supp. 2d 812 (E.D. Va. 2010) (tortfeasor defendants were nominal parties in declaratory judgment action between insured and insurer and therefore were not included in jurisdictional analysis); *Jakoubek v. Fortis Benefits Ins. Co.*, 301 F. Supp. 2d 1045 (D. Neb. 2003) (state defendants were nominal parties in declaratory judgment action seeking recovery of benefits from insurance policy). And a nominal party need not consent to removal. *Siderits v. State of Ind.*, 830 F. Supp. 1156, 1159 (N.D. Ind. 1993) ("[N]ominal parties need not join in the removal petition.") Additionally, as a nominal party, Humphrey's citizenship cannot be used to invoke the "Forum Defendant Rule," as

codified in 1441 U.S.C. § 1441(b)(2). *See e.g.*, *Salomon v. Massachusetts Mut. Life Ins Co.*, 2012 WL 1081191, at *4 (D. Or. 2012); *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013); *Universal Concrete Products Corp. v. Peerless Ins. Co.*, 2008 WL 4104171, at *3 (D. Md. 2008).

23. Complete diversity, therefore, exists between the Plaintiff and each real, non-nominal Defendant and no real, non-nominal Defendant is a citizen of the state in which the action is pending.

WHEREFORE, Defendant American National Service Corporation gives notice that the matter bearing Cause No. 45D01-1409-PL-0095, in the Superior Court for Lake County, Indiana, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: November 3, 2014

                                                        Respectfully submitted,

                                                        ICE MILLER LLP

                                                        *s/Aaron D. Grant*
                                                        Michael A. Wukmer, #2223-49
                                                        Aaron D. Grant, #25594-49
                                                        Nicholas B. Reuhs, #31181-49
                                                        One American Square, Suite 2900
                                                        Indianapolis, IN  46282-0200
                                                        Michael.Wukmer@icemiller.com
                                                        Aaron.Grant@icemiller.com
                                                        Nicholas.Reuhs@icemiller.com

                                                        *Phone*:  (317) 236-2285
                                                        *Fax*:  (317) 592-4620

*Attorneys for Defendants American National Services Corporation, Masco Corporation and Old Republic Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff's counsel by U.S. Mail, postage prepaid and addressed to:

Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
275 Joliet Street, Suite 330
Dyer, IN 46311

*s/ Aaron D. Grant*
Aaron D. Grant

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100