UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PETER FERRARO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN A. HUMPHREY, AMERICAN )<br>NATIONAL SERVICES CORP., )<br>MASCO CORP., and OLD REPUBLIC )<br>INSURANCE COMPANY, )<br>)<br>Defendants. ) | CAUSE NO.: 2:14-CV-396-TLS |

**OPINION AND ORDER**

The Plaintiff, Peter Ferraro, filed a complaint for declaratory judgment in state court on September 8, 2014, which the Defendants removed to this Court on November 3, 2014. This matter is before the Court on the Motion to Remand [ECF No. 9] filed by the Plaintiff on November 7, 2014. The Plaintiff contends that this case must be remanded back to state court due to procedural defects in the Defendants' removal of this case to federal court. Defendant American National Services Corporation (ANSC), joined by co-Defendants Masco Corporation ("Masco") and Old Republic Insurance Company ("Old Republic"), filed their Response [ECF No. 12] on November 19, 2014. The Plaintiff filed his Reply [ECF No. 13] on November 25, 2014. For the following reasons, the Plaintiff's Motion to Remand will be denied.

**BACKGROUND**

On June 8, 2006, the Plaintiff brought an action for personal injuries against Defendant John A. Humphrey in the Superior Court of Lake County, Indiana, under Cause No. 5D05-0606-CT-116 for injuries suffered during a June 9, 2004, automobile collision. On January 4, 2007, the

Plaintiff obtained a default judgment against Humphrey for $372,543.41. The Plaintiff then instituted proceedings supplemental naming Masco as garnishee defendant, alleging that Humphrey was an employee of Masco's wholly owned subsidiary, ANSC, and was driving Masco's vehicle at the time of the collision.

On September 8, 2014, the Plaintiff commenced an action for declaratory judgment in Lake Superior Court under Cause No. 45D01-1409-PL-95 against Defendants Humphrey, Masco, ANSC, and Old Republic, the insurer of the vehicle Humphrey drove at the time of the collision. The Plaintiff completed service on Humphrey on September 18, 2014, on Masco on September 19, 2014, and on Old Republic on September 22, 2014. Service on ANSC was accomplished via alias summons on October 16, 2014. On November 3, 2014, ANSC filed a Notice of Removal [ECF No. 2], along with consents to removal executed by Masco and Old Republic, bringing the case before this Court. At issue is whether the consent of co-Defendant Humphrey was also necessary to effectively remove this case to this Court. From the Plaintiff's perspective, the executed consent to removal by Humphrey is a necessary procedural requirement for effective removal before this Court, requiring a remand of this action back to the Lake Superior Court. The Defendant argues that Humphrey's consent is unnecessary because he is merely a nominal defendant in this case. Thus, the Defendant argues that all necessary elements were satisfied for removal and that this Court has proper jurisdiction.

## DISCUSSION

The Plaintiff makes two arguments in support of his Motion to Remand. First, the Plaintiff argues that removal requires the consent of all defendants, making the lack of consent by Humphrey, whom the Plaintiff argues is not a nominal defendant, a procedural error requiring

remand. Second, the Plaintiff argues that the removal of this action was untimely. The Court will address these issues in reverse order.

### A. Timeliness of Removal

The basis of the Plaintiff's timeliness argument centers on the so-called "first served defendant" rule, which held that a removal petition must be filed within 30 days of the service of the first defendant in multi-defendant litigation. Although this rule was once applied in a minority of jurisdictions, the Defendants correctly cite the Federal Courts Jurisdiction and Venue Clarification Act, which subsequently rewrote the language of 28 U.S.C. § 1446(b) with respect to the time to file a notice of removal. *See* Pub. L. No. 112–63, 125 Stat. 758 (2011). Section 1446(b)(2)(B) and (C) provide:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

Thus, the plain language of the statute allows each defendant 30 days after receipt of service to file a notice of removal. *See also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64 (2d Cir. 2012) (noting that the December 7, 2011, amendents to § 1446 codified the last-served defendant rule). Here, ANSC was the last-served defendant, with service completed on October 16, 2014. ANSC then filed its notice of removal on November 3, 2014, with the 30-day time period for doing so. 28 U.S.C. § 1446(b). Therefore, removal of this action was timely (so long as all other requirements for removal are met, which the Court will now address).

**B.     Nominal Defendant**

In order to effectively remove an action to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012) ("Removal requires the consent of *all* defendants."). At issue is whether *all* defendants joined or consented to removal. In its Notice of Removal, Defendant ANSC explicitly indicated that co-Defendants Masco and Old Republic consented to the motion, and that ANSC did "not [seek] the consent of Humphrey, as he is a nominal defendant." (ECF No. 1, at 5 (citing case law in support of the position that consent of a nominal defendant is not required for removal).) The parties do not dispute the relevant law; they agree that consent from a nominal defendant is unnecessary to satisfy the requirement that all defendants join or consent to removal. *See, e.g.*, *Benson v. Unilever U.S., Inc.*, 884 F. Supp. 2d 708, 714 (S.D. Ill. 2012) ("[R]emoval generally requires the consent of all defendants—but only indispensable defendants. The consent of so-called nominal or formal parties is not required.") (citing *Ryan v. State Bd. of Elections of the State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981)). The issue is whether Humphrey is a nominal defendant. The Plaintiff argues that Humphrey is not a nominal defendant, meaning his lack of consent is fatal to the Defendants' notice of removal.

A defendant is nominal if there is "no reasonable basis for predicting it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993) (citing 14A Charles Alan Wright, et al., Federal Practice and Procedure § 3731 n. 10 (1985)), *overruled on other grounds*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 n.1 (7th Cir. 2011). In determining the "real party in interest," courts are to, "reference [ ] the essential nature and effect of the proceedings." *Adden v.*

*Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir. 1982). "It is appropriate for a federal court to consider state law as a factor in determining . . . the real party in interest." *Id.* at 1152.

The Defendants argue that Humphrey's liability has already been established, as reflected in the state court's default judgment in the amount of $372,543.41. Therefore, from the Defendantss perspective, Humphrey's liability cannot be relitigated a second time. (Resp. 3, ECF No. 12 (citing *Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373 (1985) (discussing claim preclusion)). Rather, the Defendants assert that this action is merely seeking a declaratory judgment as to the liability of the other defendants to pay the judgment already entered against Humphrey.

The Plaintiff asserts that the "question in this action is whether Humphrey's relationship to ANSC and Masco at the time of the collision gives rise to liability by ANSC or Masco, or Old Republic as their insurer." Br. in Support of Mot. to Remand 4, ECF No. 10. Thus, Humphrey cannot be a nominal party because, the Plaintiff argues, "Humphrey needs to be named as a party for full liability to be apportioned, either on him alone or on some or all named defendants." *Id.*

The Plaintiff's apportionment argument is unpersuasive, however, because as the Defendants have pointed out, Humphrey's liability is already established for the full amount of the default judgment against him. In his Complaint, the Plaintiff asserts:

> After the judgment against Humphrey issued, a dispute arose between the parties to this action as to whether Plaintiff could collect the judgment from proceeds of the [insurance] Policy. Accordingly, Plaintiff has an interest under the written contract that is the Policy, and a declaration of this court is needed to determine coverage and declare the parties;' respective rights and legal obligation relating to it.

Compl. ¶ 13, ECF No. 1-1. Thus, the Plaintiff's interest in the insurance policy as a means of satisfying the judgment against Humphrey is proper because "under federal and Indiana law . . . an injured party can have a legally protectable interest in an alleged tortfeasor's insurance policy

5

sufficient to support Article III jurisdiction and the discretionary exercise of power under the Declaratory Judgments Act." *Nat'l Cas. Co. v. Floyd Cnty. Bd. of Comm'rs*, No. NA 01-182-C-H/K, 2002 WL 31045373, at *3 (S.D. Ind. Aug. 29, 2002) (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992); *Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th Cir. 1992); *Cmty. Action of Greater Indianapolis, Inc. v. Ind. Farmers Mutual Ins. Co.*, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999)). However, the Plaintiff does not show how his interests are adverse to the interests of Humphrey in this action. Humphrey's liability need not be apportioned, for it has already been established in full, and Humphrey's interests in having the proceeds of the insurance policy satisfy as much of that judgment as possible is aligned with the Plaintiff's interests.

"[T]he parties must be aligned according to their 'attitude towards the actual and substantial controversy.'" *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 75 (1941) (quoting *Sutton v. English*, 246 U.S. 199, 204 (1918)). "Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents . . . ." *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981); *City of Indianapolis*, 314 U.S. at 80 ("The doctrine of realignment permits and requires a nominal defendant to be treated as a plaintiff for the purpose of defining the real controversy . . . .") (Jackson, J., dissenting). In deciding whether there is an actual, substantial controversy, the court may look beyond the pleadings. *Fid. & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983); *Am. Motorists*, 657 F.2d at 149. The decision must be based on the facts as they existed at the time the action was commenced. *See Am. Motorists*, 657 F.2d at 149.

The "real controversy" in this action for declaratory judgment is whether ANSC, Masco, and/or Old Republic must use the proceeds of the insurance policy to satisfy the judgment against Humphrey. The Court finds that Defendant Humphrey is properly realigned as a plaintiff because no actual, substantial controversy exists between the Plaintiff and Humphrey. Humphrey's interests are aligned with the Plaintiff's interests. It is in Humphrey's interest for the proceeds of the insurance policy to satisfy as much of the judgment against Humphrey as possible. Other cases have reached similar conclusions. *See Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1992) (concluding that insured and insured's victims' interests should be aligned in action by plaintiff insurer seeking declaratory judgment that it had no duty to defend or indemnify the insured or the insured's victims); *Davis v. Carey*, 149 F. Supp. 2d 593, 596 (S.D. Ind. 2001) (concluding that insured and insured's victim's interests should be aligned in action by plaintiff insured's victim seeking declaratory judgment to satisfy judgment against insured through insurance policy and therefore denying motion to remand by plaintiff); *Randolph v. Employers Mut. Liab. Ins. Co.*, 260 F.2d 461, 464 (8th Cir. 1958) (concluding insured should be aligned as a plaintiff because "it would be to [his] interest to have the judgment against him satisfied by his insurer.").

The Plaintiff argues that Humphrey's interest in the subject matter of this action is "'substantial' and 'safeguards' his rights as a person potentially covered by the policies at issue." (Reply 2, ECF No. 13 (citing *Lutheran Hosp. of Ft. Wayne, Inc. v. Dept. of Publ Welfare*, 397 N.E.2d 638, 646 (Ind. Ct. App. 1979) (stating that a party seeking to bring a declaratory judgment "must demonstrate a substantial present interest in the relief sought and that a question has arisen affecting their rights which ought to be decided in order to safeguard such rights")).) The Plaintiff argues that because Humphrey's interest is "substantial," he cannot be a nominal

defendant. Indeed, the Plaintiff argues that "Humphrey would be entitled to bring this very action on his own." (Reply 2, ECF No. 13.) That is correct. Humphrey could have brought an action seeking a declaratory judgment that the proceeds of the insurance policy be used to satisfy the judgment against him, and this fact provides further support that he should be realigned with the plaintiff and is merely a nominal defendant in this action. Humphrey and the Plaintiff share the same "attitude towards the actual and substantial controversy," namely, whether the proceeds of the insurance policy should be used to satisfy the default judgment the Plaintiff obtained against Humphrey in state court. *City of Indianapolis*, 314 U.S. at 75. Therefore, the Court finds that realignment is proper, for no actual, substantial controversy exists between the Plaintiff and Humphrey in this action. *See Am. Motorists*, 657 F.2d at 149.

Co-Defendant ANSC's timely notice of removal explicitly indicated that co-Defendants Masco and Old Republic consented to the motion, and that ANSC did "not [seek] the consent of Humphrey, as he is a nominal defendant." (ECF No. 1, at 5.) The Court finds that Humphrey is a nominal defendant in this action. Therefore, all defendants have timely consented to the removal of this action before this Court.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Remand [ECF No. 9].

SO ORDERED on February 18, 2015.

                                                           s/ Theresa L. Springmann  
                                                        THERESA L. SPRINGMANN  
                                                        UNITED STATES DISTRICT COURT  
                                                        FORT WAYNE DIVISION