UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PETER FERRARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-396-TLS |
| ) | |
| JOHN A. HUMPHREY, AMERICAN ) | |
| NATIONAL SERVICES CORP., ) | |
| MASCO CORP., and OLD REPUBLIC ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [ECF No. 24] filed by American National Services Corporation ("ANSC"), Masco Corporation, and Old Republic Insurance Company (the "Masco Defendants"); a Cross-Motion for Summary Judgment [ECF No. 27] filed by Plaintiff Peter Ferraro, and a Motion to Amend Complaint to Conform with Evidence [ECF No. 39] also filed by the Plaintiff. The Masco Defendants filed their Motion for Summary Judgment with their Memorandum in Support [ECF No. 25] and accompanying Appendix [ECF No. 26] on November 24, 2015. The Plaintiff filed his Response [ECF Nos. 33] and Brief [ECF No. 34] to the Masco Defendants' Motion on December 22, 2015, to which the Masco Defendants filed their Reply [ECF No. 37] on January 4, 2016. The Plaintiff filed his Cross Motion for Summary Judgment and Memorandum in Support [ECF No. 28] on November 30, 2015. The Masco Defendants filed their Response [ECF No. 36] on December 28, 2015, to which the Plaintiff filed his Reply [ECF No. 38] on January 11, 2016. The following day, on January 12, 2016, the Plaintiff filed his Motion to Amend Complaint to Conform with Evidence.

The Masco Defendants filed their Response [ECF No. 40] on January 26, 2016, with the Plaintiff filing his Reply [ECF No. 41] on February 2, 2016. The motions are ripe for ruling.

**BACKGROUND**

On June 9, 2004, the Plaintiff, a citizen of Illinois, was involved in an automobile accident on the Indiana Toll Road in Lake Station, Indiana, with Defendant John A. Humphrey, at the time a citizen of Indiana. Humphrey was an employee of ANSC,[1] a Delaware corporation with its principal place of business in Taylor, Michigan. Humphrey's vehicle was ANSC owned and insured by Old Republic, a Pennsylvania corporation with its principle place of business in Greensburg, Pennsylvania. ANSC is a wholly owned indirect subsidiary of Masco, also a Delaware corporation with its principal place of business in Taylor, Michigan.

After the accident, Masco kept on file an "Auto Accident Report" of the collision, listing the date, time, and location of the collision, and identifying Humphrey as the driver of its company vehicle and Ferraro as the driver of the other vehicle involved with the collision. The report also noted that Ferraro suffered injuries. At the time of the accident, Masco and its subsidiaries were insured under Old Republic's Business Automobile Insurance Policy[2] (the "Old Republic Policy"). This policy covered the accident between the Plaintiff and Humphrey.

The Plaintiff filed suit against Humphrey and ANSC on June 8, 2006—two days before the statute of limitations expired—in Indiana Superior Court. The Plaintiff served Humphrey with a complaint and summons two days later via certified mail on June 10, 2006. Although ANSC was a named defendant, it was not properly served, and did not receive notice of the suit.

---

[1] Humphrey's employment with ANSC was terminated on December 22, 2004. The Plaintiff has not been able to enforce judgment against Humphrey because his whereabouts are currently unknown to both the Plaintiff and Masco.
[2] Policy No. 18398.

Humphrey never responded to the suit (including making any appearances) and did not provide any notice of any kind to ANSC, MASCO, or Old Republic regarding the suit. As a result, the Superior Court entered a default judgment for $372,543,41.00 against Humphrey on January 4, 2007. During the course of the state court suit—from its commencement through issuance of default judgment—neither the Plaintiff nor his attorneys informed or contacted the Masco Defendants regarding the proceedings. The Masco Defendants had no knowledge of the state court suit until September 2011, when the Plaintiff's counsel contacted Masco.

Ferraro was unable to collect the money damages from either Humphrey or ANSC so he initiated proceedings supplemental pursuant to Indiana Rules of Trial Procedure Rule 69(E). On September 27, 2012, Ferraro moved for summary judgment seeking to hold Masco liable as a garnishee defendant on the theory that Masco held property, the proceeds from the Old Republic insurance policy, on behalf of Humphrey that was subject to garnishment. The State Court denied the motion on February 6, 2014. On February 24, 2014, Ferraro filed a Motion to Finalize Order of February 6, 2014 or, alternatively, certify for interlocutory appeal, seeking to overturn the Lake County Superior Court's Order denying Ferraro's summary judgment motion. The State Court granted Ferraro's Motion to Certify for Interlocutory Appeal on March 10, 2014. On May 2, 2014, the Indiana Court of Appeals denied Ferraro's Motion to Accept Jurisdiction of Interlocutory Appeal. The record of the State Court case contains nothing beyond the motion denied on May 8, 2014.

On September 8, 2014, Ferraro filed a new complaint seeking declaratory relief in the Lake County Superior Court [ECF No. 8], naming Humphrey, ANSC, Masco, and Old Republic, as defendants. The Complaint was removed to this Court on November 3, 2014 [ECF No. 1].

The Plaintiff in this second suit seeks to attach Humphrey's liability in the state court suit to the Masco Defendants through a declaratory action.

## DISCUSSION

### A. Standard of Review

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. A court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

### B. Analysis

The Plaintiff seeks declaratory relief for a determination that (1) Humphrey's liability to the Plaintiff is covered under the Old Republic Policy, (2) all preconditions to payment of the judgment against Humphrey from proceeds under the policy have been met, and (3) the

Defendants are liable to the Plaintiff for the judgment against Humphrey from the proceeds of the policy. (Compl. 3, ECF No. 8.) The Masco Defendants respond by moving for summary judgment on the grounds that Humphrey's liability is not covered under the Old Republic Policy because Old Republic was never timely notified of the prior state court proceeding. Alternatively, the Masco Defendants argue that even if it is determined that Humphrey's liability in the prior state court proceeding is covered under the policy, Old Republic cannot be bound by a default judgment because it had no notice of the lawsuit. Lastly, the Masco Defendants maintain that any new action against ANSC or Masco is time barred because the limitations period has passed.

The Plaintiff concedes that "coverage under the Old Republic policy requires fulfillment of the policy's coverage conditions . . . to the extent that Humphrey would be entitled to seek indemnification as a covered party." (Pl.'s Br. 4, ECF No. 34.) But argues that the terms of the Old Republic Policy do not govern the Plaintiff's ability to recover from his employers. The Plaintiff in response and on its own Cross Motion offers two legal theories for recovery against Masco and ANSC: respondeat superior and vicarious liability, and collateral estoppel.

**1.** *The Old Republic Policy*

The Masco Defendants argue that Humphrey's liability from the prior state court proceeding is not covered under the Old Republic Policy, and cannot be enforced against ANSC, Masco, or Old Republic. "A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (citations omitted). Under Indiana law, "[a]s with other contracts, the interpretation of an insurance policy is generally a question of law for the courts." *Gallant Ins. Co. v. Allstate Ins. Co.*, 723 N.E.2d 452, 455 (Ind. Ct. App. 2000) (citing *Tate v. Secura Ins.*, 587

N.E.2d 665, 668 (Ind. 1992)). The Old Republic Policy mandates that an insured must notify Old Republic or its authorized representative of any claim or lawsuit for coverage to apply. Section IV(A)(2) clearly states: "you and any other involved insured must . . . . [i]mmediately send us copies of any demand, notice, summons or legal paper received concerning the claim or suit."[3]

---

[3] Of relevance, section IV(A)(2) of the policy states:

> 2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
> a. In the event of an accident, claim, suit or loss, you must give our authorized representative prompt notice of the accident or loss. Include:
>     (1) How when and where the accident occurred;
>     (2) The insured's name and address; and
>     (3) To the extent possible, the names and addresses of any injured persons and witnesses.
> If we show that your failure to provide notice prejudices our defense, there is no liability under the policy.
> b. Additionally, you and any other involved insured must:
>     (1) Assume no obligation, make no payment or incur no expense without our consent, except at insured's own cost.
>     (2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or suit.
>     (3) Cooperate with us in the investigation, settlement or defense of the claim or suit.
>     (4) Authorize us to obtain medical records or other pertinent information.
>     (5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.
> c. If there is loss to a covered auto or its equipment you must also do the following:
>     (1) Promptly notify the policy if the covered auto or any of its equipment is stolen.
>     (2) Take all reasonable steps to protect the covered auto from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.
>     (3) Permit us to inspect the covered auto and records providing the loss before its repair or disposition.
>     (4) Agree to examination under oath at our request and give us a signed statement of your answers.

(Bus. Auto Coverage Form 6–7, ECF No 26-2.) And section V contains the following relevant definitions:

> D. Insured means any person or organization qualifying as an insured in the Who is An Insured provision of the application coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately

(Bus. Auto Coverage Form 6–7, ECF No. 36-2.) "Here, the insurance policy specifically excludes coverage when the insurer does not receive actual notice of the lawsuit before entry of judgment." *Gallant Ins. Co.*, 723 N.E.2d at 455. It is undisputed that the Plaintiff did not provide notice to ANSC, Masco, or Old Republic of the state court suit, or entry of default judgment. "Actual notice means notice sufficient to permit the insurer to locate the suit and defend it." *Id.* (citing *Long v. Great Cent. Ins. Co.*, 190 Ill. App. 3d 159, 137 (Ill. App. 1989)). The Plaintiff does not contest this point except to argue that Masco's deductible under the policy would not be exhausted and therefore, Old Republic "would not be liable, anyway."

Furthermore, Indiana law precluded Old Republic from ever entering the prior state court proceeding. "Absent notice of the filing" an insurance company is "not permitted to appear and defend" a suit. *Id.* at 456. "Where prejudice is created by the insured's noncompliance with the policy's provisions, the insurance company is relieved of its liability under the policy." *Id.* (citing *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind. 1984)). Accordingly, because the Plaintiff failed to properly serve ANSC, Masco, or Old Republic, and gave no notice to them regarding the prior state court proceeding and judgment, the Court finds Humphrey's liability in the prior state court proceeding is not covered under the Old Republic Policy.

---

to each insured who is seeking coverage or against whom a claim or suit is brought.
F. Loss means direct and accidental loss or damage.
I. Suit means a civil proceeding in which damages because of bodily injury or property damage to which this insurance applies are alleged. Suit includes arbitration proceeding alleging such damages to which you must submit or submit with our consent.

(*Id.*)

**2.     *Default Judgment***

The Masco Defendants argue that the Plaintiff cannot enforce the default judgment against ANSC, Masco, or Old Republic because he is time barred from doing so. The Plaintiff argues that the default judgment has preclusive effect and establishes liability for the Masco Defendants under the doctrine of collateral estoppel. It is undisputed that ANSC, Masco, and Old Republic did not receive any notice of the prior state court law suit and default judgment. The default judgment cannot be enforced against ANSC, Masco, or Old Republic because they did not have notice of the prior state court proceeding. Indiana "[t]rial courts must consider two factors in determining whether to apply collateral estoppel: whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances of the particular case." *Wolverine Mut. Ins. V. Vance ex rel. Tinsley*, 325 F.3d 939, 943 (7th Cir. 2003) (quotations removed) (citing *Tofany v. NBS Imaging*, 616 N.E.2d 1034, 1037 (Ind. 1993)). Here, ANSC, Masco and Old Republic did not have a full and fair opportunity to litigate the issue because they did not have notice of the prior state court suit. Furthermore, it would be unfair under the circumstances.

The Plaintiff cites *In re Catt*, 368 F.3d 789, 791 (7th Cir. 2004), for the proposition that Indiana is among a "significant minority of states" that "allow findings made in default proceedings to collaterally estop, provided that the defaulted party could have appeared and defended if he had wanted to." *Id.* at 791 (first citing *Grantham Realty Corp. v. Bowers*, 215 Ind. 672, 22 N.E.2d 832, 836 (1939); then citing *Small v. Centocor, Inc.*, 731 N.E.2d 22, 28 (Ind. App. 2000); and then citing *Progressive Casualty Ins. Co. v. Morris*, 603 N.E.2d 1380 (Ind. App. 1992); and then citing *Kirby v. Second Bible Missionary Church, Inc.*, 413 N.E.2d 330 (Ind. App. 1980)). However, ANSC and Masco could not have appeared and defended the state court

suit if they wanted to because they did not have notice of the suit. The same principle applies to Old Republic as an insurer. *Liberty Mutual Ins. Co. v. Metzler*, 586 N.E.2d 897, 900 (Ind. App. 1992) ("The doctrine of collateral estoppel applies to insurance contracts and an insurer is ordinarily bound by the result of litigation to which its insured is a party*, so long as the insurer had notice and the opportunity to control the proceedings.*") (emphasis added) (first citing *Hoosier Casualty Co. v. Miers*, 27 N.E.2d 342 (Ind. 1940); then citing *Snodgrass v. Baize*, 405 N.E.2d 48 (Ind. 1980)). Furthermore, as discussed above, Indiana law does not provide for enforcement of a default judgment against an insured where the insurer did not have actual notice of the underlying proceeding. *Gallant Ins. Co.*, 723 N.E.2d at 456. Accordingly, the Plaintiff cannot invoke the doctrine of collateral estoppel to establish liability for ANSC, Masco, and Old Republic.

**3.** *Doctrine of Respondeat Superior and Vicarious Liability*

The Plaintiff argues both in its brief in opposition and for its own cross motion for summary judgment that ANSC and Masco are liable to the Plaintiff under a theory of respondent superior and vicarious liability. "The general rule is that vicarious liability will be imposed upon an employer under the doctrine of respondeat superior where the employee has inflicted harm while acting "'within the scope of employment.'" *Barnett v. Clark*, 889 N.E.2d 281, 283–84 (Ind. 2008) (first citing *Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142, 148 (Ind. 1999); then citing *Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 105 (Ind. 1997); and then citing *Helfrich v. Williams*, 84 Ind. 553, 554–55 (Ind. 1882)). "And in order for an employee's act to fall 'within the scope of employment,' the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Id.* (citing *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000)). However, the

9

Masco Defendants argue that the Plaintiff cannot assert a tort theory because he is only seeking relief under the Indiana Uniform Declaratory Judgment Act, and even if the Plaintiff properly pleaded the tort claim, it is now time barred.

The Plaintiff did not plead a claim for vicarious liability or any other tort based claim in this action. In the Plaintiff's prayer for relief in the Complaint, the Plaintiff asked the Court to declare that

> (1) Humphrey's liability to Plaintiff is covered under the Policy, (2) all preconditions to payment of the judgment against Humphrey from proceeds of the Policy have been met, and (3) Defendants are liable to pay Plaintiff the judgment against Humphrey from proceeds of the Policy . . . .

(Compl. 3, ECF No. 8.) Under Ind. Code § 34-14-1, "[c]ourts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Ind. Code § 34-14-1. By seeking a vicarious liability theory, the Plaintiff asks the Court to award relief outside the scope of the declaratory relief sought. The Plaintiff's Complaint does not plead a claim of vicarious liability or any other tort based claim. A complaint under Federal Rule of Civil Procedure 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). These requirements help fulfill Rule 8(a)'s "essential function" to "put the defendant on notice of the plaintiff's claim." *Ross Brothers Const. Co., v. Inter'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

The Plaintiff cannot now assert a claim for vicarious liability. "[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002); *Shanahan v. City of Chi.*, 82

10

F.3d 776, 781 (7th Cir.1996). Because the Plaintiff failed to allege a claim for vicarious liability the Court will not consider it on summary judgment.

4. **Wilton–Brillart** *Abstention*

The Plaintiff in his Cross Motion invokes *Wilton–Brillhart* abstention arguing that the Court should decline to hear this action because there is a parallel proceeding. The Masco Defendants argue that the Plaintiff misconstrues the law and that abstention is wholly inappropriate. "*Wilton-Brillhart* abstention applies when a federal court is called upon to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 495 (1942) (brackets, quotations, and ellipsis in original removed)). "In such a case, the question for the district court is whether the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in the state court." *Id.* (first quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), and then quoting *Brillhart*, 316 U.S. at 495) (quotations in original removed). "As the Court put it in *Wilton*, where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Id.* (quoting *Wilton*, 515 U.S. at 283) (quotations in original removed).

*Wilton-Brillhart* abstention is inappropriate here because the prior state court suit is not a pending state court matter presenting the same issues between the same parties. The Plaintiff received a final judgment on September 18, 2007, when the Lake County Superior Court entered the default judgment against Humphrey, who was the only proper defendant in that suit. The

Plaintiff then engaged in proceedings supplemental pursuant to Trial Rule 69(E) several years later in that same original state court proceeding. The Plaintiff sought to hold Masco liable as a garnishee defendant for Humphrey's default judgment.

The proceedings supplemental in this case are not a parallel proceeding in which a party can invoke *Wilton–Brillhart* abstention. *See Travco Ins. Co. v. Webster*, 1:14-cv-95-SEB-DML, 2014 WL 1659742, at *5 (S.D. Ind. April 25, 2014). While "it is possible for some insurance coverage issues to be decided in the context of a proceeding supplemental under Indiana law" the prior state court suit was not one of them. *See Id.* at *4. "In the years since Trial Rule 69(E) was adopted, Indiana courts have routinely held that proceedings supplemental are merely extensions of the underlying action, not separate and independent actions." *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 129 (Ind. 2007) (Boehm, J. concurring in part and dissenting in part). "Since a proceeding supplemental is merely an extension of the underlying action, the merits of any assigned claim should not be tried in this limited forum." *Id.* at n.4 (citing *First Bank of Whiting v. Sisters of Mercy Health Corp.*, 545 N.E.2d 1134, 1141 (Ind. Ct. App. 1989) (holding a proceeding supplemental is not an appropriate forum to try a judgment creditor's cause of action against a garnishee-defendant). Only after the Lake County Superior Court denied the Plaintiff's motion for summary judgment seeking to attach Humphrey's default judgment liability to Masco, and after the Plaintiff's failed interlocutory appeal, did the Plaintiff seek to file a new suit in state court that was removed to this Court. Accordingly, the state court suit is not a parallel proceeding as asserted by the Plaintiff. Under *Wilton–Brillhart*, it would be inappropriate for this Court to abstain because there is no parallel proceeding and the questions in controversy between the parties to this federal suit cannot better be settled in another proceeding pending in the state court.

## C. Amended Complaint

Lastly, after the Masco Defendants' Motion, and after his own Cross Motion, the Plaintiff has filed an amended complaint to add the tort claim of vicarious liability—an argument he made on both summary judgment motions. The Plaintiff argues that the vicarious liability claim is declaratory in nature, and therefore not subject to statute of limitations. The Plaintiff contends that this is because it is asking the Court to merely declare the status of Masco and ANSC as employers of Humphrey. The Plaintiff also asserts that adding the tort claim at this late stage would not be prejudicial.

Contrary to the Plaintiff's assertion, the vicarious liability claim is not for declaratory relief, but in fact for non-declaratory relief. *See e.g.*, *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716–717 (7th Cir. 2009) (distinguishing between declaratory relief and non-declaratory relief claims). Vicarious liability under Indiana law requires elements to be pled and proved as discussed above. Proving these elements require triable issues of fact, not matters of law where the Court has the power to "declare the rights and other legal relations of any interested party" 28 U.S.C. § 2201(a). Framing this another way, if the Plaintiff had properly served ANSC, and by extension Masco, a vicarious liability action would be an underlying claim to any declaratory suit regarding the rights of the parties under the Old Republic Policy. Even if the Court were to declare the statuses of Humphrey, ANSC, and Masco as employee and employers respectively, that alone would not establish that ANSC and Masco are liable under a vicarious liability claim because they never had an opportunity to litigate the elements of the tort. As the Court previously discussed, the default judgment against Humphrey cannot be given preclusive effect to collaterally estop ANSC and Masco from litigating the claims against them

because they were not given notice of the prior state court suit. Accordingly, the Plaintiff cannot characterize the vicarious liability claim it seeks to add as declaratory relief.

It appears the Plaintiff's objective in characterizing the vicarious liability claim as declaratory relief was an attempt to circumvent the limitations for the tort claim. Under Indiana Code § 34-11-2-4, "[a]n action for . . . injury to person . . . must be commenced within two . . . years after the cause of action accrues." The statute of limitations for a vicarious liability claim involving the accident that took place on June 9, 2004 ran on June 10, 2006. Thus, any new tort claim before this Court is time barred.

Nor does the claim relate back to ANSC or Masco. "[A]n amended complaint relates back to the filing of the original complaint when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . .'" *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (first quoting Fed. R. Civ. P. 15(c)(1)(B); then citing *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); and then citing *Woods v. Indiana Univ.-Purdue at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993); and then citing *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 410 (7th Cir.1989). But "original pleading" does not mean a pleading from another action. An amended pleading cannot relate back to a pleading in a separate action. *Brinson v. Wexford Health Sources, Inc.*, No. 12 C 50080, 2014 WL 1652087, at 3* (N.D. Ill. April 23, 2014) ("It appears . . . that courts routinely reject attempts to use Rule 15 to relate a pleading back to a previously filed case."); *see Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) ("[A] separately field claim, as opposed to an amendment or supplemental pleading, does not relate back to a previously filed claim."). This is because "[w]ere this not the rule, statutes of

limitations would be easily nullified." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

The Plaintiff cannot amend his Complaint to add a new claim because any new claim is time barred. "If the amended claim would not survive a motion for summary judgment, the amendment is futile." *Sound of Music Co. v. Minn. Min. & Mfg. Co.*, 477 F.3d 910, 922–23 (7th Cir. 2007) (citing *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001)). Accordingly, the Court denies the Plaintiff's Motion to Amend the Complaint.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants American National Services Corporation's, Masco Corporation's, and Old Republic Insurance Company's Motion for Summary Judgment [ECF No. 24], and DENIES the Plaintiff's Cross Motion for Summary Judgment [ECF No. 27] and Motion to Amend Complaint to Conform with Evidence [ECF No. 39]. Pursuant to Rule 54(b), the Court finds that there is no just reason for delay of the judgment, and DIRECTS the Clerk of Court to enter final judgment in favor Defendants American National Services Corporation, Masco Corporation, and Old Republic Insurance Company against the Plaintiff. All claims against Defendant John A. Humphrey remain pending.

SO ORDERED on March 17, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[4] The Court does not reach the question of whether amending the Complaint at this stage would be unduly prejudicial to the Defendants.